Opinion
 

 KINGSLEY, J.
 

 Defendant stands charged with murder. After the appointment of psychiatrists, a hearing was held under section 1368 of the Penal Code, resulting in a finding that defendant is presently incompetent to stand trial and she is presently committed to a state hospital until she regains capacity. Thereafter, her counsel sought an order for the appointment of confidential psychiatrists to enable that counsel to determine whether, when and if defendant is returned for trial, counsel should enter a plea of not guilty by reason of insanity, rely on a defense of diminished capacity, or some other plea.
 
 [1]
 
 The request was denied, and this petition followed. We issued our alternative writ, a return has been filed, and the matter argued. We issue a peremptory writ.
 

 In its return respondent court relies on two grounds: (1) that the trial court lacks jurisdiction to grant the relief requested by virtue of section 1370 of the Penal Code; and (2) that the application is premature and should await defendant’s return for trial. We reject both grounds.
 

 I
 

 Section 1370 provides, in pertinent part, as follows: “If the defendant is found mentally incompetent,
 
 the trial or judgment
 
 shall be suspended until he becomes mentally competent. . . .” (Italics added.) We see nothing in that provision to bar the court from entertaining and
 
 *470
 
 acting on a request for the relief here sought.
 
 [2]
 
 Inevitably, discovery proceedings, of all varieties, must precede a trial; even an appeal from a judgment does not prevent the carrying on of discovery proceedings. (Code Civ. Proc., § 2017 subd. (b); see
 
 McClatchy Newspapers
 
 v.
 
 Superior Court
 
 (1945) 26 Cal.2d 386, 395 [159 P.2d 944];
 
 Los Angeles Cemetery Assn.
 
 v.
 
 Superior Court
 
 (1968) 268 Cal.App.2d 492 [74 Cal.Rptr. 97].)
 

 II
 

 The psychiatric examinations that defendant has already had related only to her capacity to stand trial at that time. It is a reasonable probability that an examination designed to discover her mental condition at that earlier date will be more productive if made now rather than at some unforeseeable future date.
 
 [3]
 
 Defense counsel should be allowed to secure psychiatric reports made at a time when they can hope to be based on reasonably unremote characteristics. It is true that defendant may never recover competency to stand trial and that the charge against her may ultimately be dismissed. But that possibility cannot weigh against her right now to secure testimony subject to being lost, which may operate to secure for her a favorable verdict.
 

 As we understand the position of counsel at oral argument, petitioner’s present needs will be met by the appointment of a single psychiatrist, directed to examine petitioner and render a report, based on that examination, to petitioner’s counsel. We limit our order herein to such an appointment, without prejudice to a subsequent request for a more extensive examination and report, if based on considerations satisfactory to the trial court.
 

 
 *471
 
 Let a peremptory writ of mandate issue, directing respondent court to vacate its orders in superior court case No. A345948, entitled People v. Helen Echavarria, which orders deny petitioner’s request for the appointment of psychiatric experts and to make a new and different order granting such request to the extent provided in this opinion.
 

 Files, P. J., and Alarcon, J., concurred.
 

 [1]
 

 A request for appointment of psychiatrists to examine defendant for such purpose was originally made while the section 1368 proceedings were as yet undecided. That request was refused. The present proceeding does not involve that request or that order. The request was renewed after the section 1368 proceeding had resulted in a finding of incompetence to stand trial and the order of commitment. It is the denial of that request which we here consider.
 

 [2]
 

 As counsel for respondent court points out, section 1368 provides that “Except as provided in Section 1368.1, when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined.” Section 1368.1, therein referred to, expressly permits hearings on demurrer, under section 995 and under section 1538.5 to proceed while the 1368 hearing is undecided. Since the denial of the first request for appointment is, as we have explained above in footnote 1, not here before us, we need not, and do not, determine whether that original denial was compelled by the terminology in section 1368 above quoted.
 

 [3]
 

 At oral argument, counsel for petitioner also expressed a fear that the very treatment to be given to petitioner under the section 1368 order may itself affect the ability of a psychiatrist, examining her when that treatment has succeeded, to form an opinion as to mental condition at a pretreatment stage. We are not, as judges, competent to weigh the validity of that fear; but the possibility of its validity also weighs in favor of a current examination.