71 Cal.Rptr.3d 139 (2008)
158 Cal.App.4th 1467
The PEOPLE, Plaintiff and Respondent,
v.
Efrain Guido ALANIS, Defendant and Appellant.
No. H031059.
Court of Appeal of California, Sixth District.
January 16, 2008.
*141 William Robinson, and Paul Couenhoven, under appointment by the Court of Appeal for Appellant, Santa Clara, for Defendant and Appellant Efrain Guido Alanis.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Martin S. Kaye, Supervising Deputy Attorney General, Christopher W. Grove, Deputy Attorney General, for Plaintiff and Respondent The People.
*140 RUSHING, P.J.

STATEMENT OF THE CASE
Defendant Efrain Guido Alanis appeals from a judgment entered after a bench trial, in which the court found him guilty of possessing more than 28.5 grams of methamphetamine and cocaine for sale and being a felon in possession of a firearm and further found that he possessed a firearm at the time he possessed the drugs. (Health & Saf.Code, §§ 11378, 11351; Pen. Code, §§ 1203.073, subds. (b)(1) & (b)(2), 12021, subd. (a)(1), 12022, subd. (c).)
On appeal from the judgment, defendant asks this court to review the sealed transcript of an in camera hearing and the sealed portion of a search warrant affidavit and determine whether the trial court erred in denying his motion to unseal the affidavit, suppress evidence, and disclose the identity of a confidential informant.
We conclude that the judgment is void and reverse it.

THE OFFENSES
On March 30, 2005, undercover police agents arranged to meet defendant at a gas station in Watsonville to buy a pound of methamphetamine and a half kilo of cocaine. When they met, defendant said he had the drugs at his house and did not want to make the sale and exchange at the station. Defendant was immediately arrested. Thereafter, police, armed with a search warrant, went to defendant's house. Under the front seat of a van parked in the car port, they found 442.3 grams of cocaine and 289.8 grams of methamphetamine. In a nearby shed, they found two unloaded firearms and ammunition for them.

PROCEDURAL BACKGROUND[1]
On March 14, 2005, defendant was charged by information with the various possessory offenses. On July 12, 2005, defendant filed a motion to suppress the evidence. He requested that the court conduct an in camera hearing to review the sealed portion of the affidavit supporting the search warrant and determine whether it should be unsealed and disclosed to the defense. (See Evid.Code, §§ 1041-1042 [privilege re identity of informants]; 915, subd. (b) [in camera hearing]; Pen.Code, § 1538.5 [motion to suppress]; People v. Hobbs (1994) 7 Cal.4th *142 948, 972-975, 30 Cal.Rptr.2d 651, 873 P.2d 1246 (Hobbs) [outlining the procedure].) He further sought to traverse and quash the search warrant.
On the same day, defendant also filed a motion for pretrial discovery, seeking, among other things, all information concerning the reports that triggered the investigation in his case.
On July 29, 2005, the court reviewed the sealed material in camera and denied defendant's motions.
On December 28, 2005, defendant filed a motion to disclose the identity of the confidential informant, arguing that the informant was a material witness whose nondisclosure would deprive him of a fair trial. On March 24, 2006, the court denied that motion.[2]
On July 28, 2006, defendant agreed to plead guilty to the charges and admit the weapon enhancement in exchange for a stipulated sentence of five years and four months. Apparently, one condition of defendant's plea was that he would be allowed to challenge the denial of his preplea discovery motions. On October 6, 2006, after accepting the plea, the court imposed the agreed-upon sentence and entered judgment.
On October 17, 2006, defendant filed a notice of appeal from the judgment (H030771) and applied to the trial court for a certificate of probable cause to challenge the denial of his discovery motions. (Pen. Code, § 1237.5 [requiring certificate].) On October 26, 2006, the court issued the certificate.
Some time later, the court and parties determined that, contrary to the terms of the plea bargain, defendant's discovery claims might not be cognizable on appeal from a judgment because he had pleaded guilty.[3] For that reason, on November 28, 2006, the court, with the agreement of the prosecutor, recalled the sentence to permit defendant to withdraw his guilty plea and then submit to a court trial based on documentary evidence. (Pen.Code, § 1170, subd. (d) [recall of sentence].) On December 15, 2006, defendant withdrew his plea *143 and agreed to a court trial under a slow plea. The court found him guilty, reimposed the same sentence, and entered a new judgment.
On January 2, 2007, defendant filed a notice of appeal from the new judgment (H031059). As noted, he challenges the trial court's rulings on his discovery motions. On January 24, 2007, defendant formally abandoned his previous appeal in H030771, and on January 25, 2007, this court dismissed it.

The Judgment is Void
"The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal arid issuance of the remittitur." (People v. Perez (1979) 23 Cal.3d 545, 554, 153 Cal.Rptr. 40, 591 P.2d 63; People v. Cunningham (2001) 25 Cal.4th 926, 1044, 108 Cal.Rptr.2d 291, 25 P.3d 519 ["`an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court'"]; see People v. Murphy (1969) 70 Cal.2d 109, 116, 74 Cal.Rptr. 65, 448 P.2d 945 [an appeal stays all further proceedings in the trial court upon the order or judgment appealed from and matters embraced therein].) The purpose of the rule depriving the trial court of jurisdiction pending appeal "`is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial. court from rendering an appeal futile by altering the appealed judgment ... by conducting other proceedings that may affect it.' [Citation.]" (Townsel v. Superior Court (1999) 20 Cal.4th 1084, 1089, 86 Cal.Rptr.2d 602, 979 P.2d 963.)
Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. (In re Johannes (1931) 213 Cal. 125, 129-130, 1 P.2d 984; People v. Johnson (1992) 3 Cal.4th 1183, 1257, 14 Cal.Rptr.2d 702, 842 P.2d 1; People v. Flores (2003) 30 Cal.4th 1059, 1064, 135 Cal.Rptr.2d 63, 69 P.3d 979.) Thus, action by the trial court while an appeal is pending is null and void. (Varian Medical Systems, Inc. v. Delfino (2005) 35 Cal.4th 180, 197, 25 Cal. Rptr.3d 298, 106 P.3d 958; e.g., People v. Sonoqui (1934) 1 Cal.2d 364, 367, 35 P.2d 123 [reversing a judgment of conviction because the trial occurred before the remittitur issued]; People v. Mayne (1897) 118 Cal. 516, 522, 50 P. 654 [appeal from order denying a new trial removed court's jurisdiction to change that order].) Indeed, "[s]o complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity." (In re Lukasik (1951) 108 Cal.App.2d 438, 443, 239 P.2d 492.)
Here, the order recalling defendant's sentence, the withdrawal of defendant's plea, the court trial, the subsequent judgment, and defendant's second notice of appeal all occurred while defendant's initial appeal was pending and well before he abandoned it. (See Cal. Rules of Ct., rule 8.244(b) [abandonment restores jurisdiction to the trial court].) Although the parties and court agreed to those proceedings, their agreement could not re-confer subject matter jurisdiction on the trial court to recall the sentence or take further actions on the case. (In re Johannes, supra, 213 Cal. at p. 131, 1 P.2d 984 [parties cannot confer subject matter jurisdiction by consent]; accord, Varian Medical Systems, Inc. v. Delfino, supra, 35 Cal.4th at p. 199, fn. 10, 25 Cal.Rptr.3d 298, 106 P.3d 958.) Thus, unless the trial court's further actions fell within an exception to *144 the general rule explained above, all subsequent actions and proceedings by the court and parties were nullities and void.
One exception is that, notwithstanding the pendency of an appeal, "[t]he trial court is allowed to vacate a voidbut not voidablejudgment." (People v. Malveaux (1996) 50 Cal.App.4th 1425, 1434, 59 Cal.Rptr.2d 371; e.g., People v. Chagolla (1983) 144 Cal.App.3d 422, 434, 193 Cal. Rptr. 711 [unauthorized sentence renders judgment thereon void and correctable at anytime, even during the pendency of appeal].) However, "[a] judgment is void rather than voidable only if the trial court lacked subject matter jurisdiction. [Citation.]" (People v. Malveaux, supra, 50 Cal.App.4th at p. 1434, 59 Cal.Rptr.2d 371, italics added.) Here, the trial court obviously had subject matter jurisdiction over defendant's criminal prosecution, and therefore the initial judgment was not void on its face.
Another exception is based on the court's inherent power "`to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases. [Citation.] The power is unaffected by the pendency of an appeal or a habeas corpus proceeding. [Citation.] The court may correct such errors on its own motion or upon the application of the parties.' [Citation.] Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts. [Citations.]" (People v. Mitchell (2001) 26 Cal.4th 181, 185, 109 Cal.Rptr.2d 303, 26 P.3d 1040; People v. Johnson, supra, 3 Cal.4th at p. 1257, 14 Cal.Rptr.2d 702, 842 P.2d 1 [trial court "retains certain powers over the parties and incidental aspects of the cause, such as procedural steps in connection with preparation and correction of the record"]; People v. Schulz (1992) 5 Cal.App.4th 563, 570, 7 Cal.Rptr.2d 269 [court retains jurisdiction to address matters that are "collateral or supplemental to the questions involved on the appeal"]; of Code of Civ. Proc, § 916, subd. (a) [the trial court "may proceed upon any other matter embraced in the action and not affected by the judgment or order"]; see, e.g., People v. Trotter (1992) 7 Cal.App.4th 363, 370, 8 Cal.Rptr.2d 648 [correction of error in preprinted verdict form]; People v. Jack (1989) 213 Cal.App.3d 913, 917, 261 Cal.Rptr. 860 [correction of erroneous calculation of presentence custody credit].)
"Changes which correct errors, mistakes and omissions made through inadvertence, but do not involve the exercise of the judicial function, are considered corrections of clerical errors that leave the original judgment intact." (Stone v. Regents of University of California (1999) 77 Cal. App.4th 736, 744, 92 Cal.Rptr.2d 94; see In re Candelario (1970) 3 Cal.3d 702, 705, 91 Cal.Rptr. 497, 477 P.2d 729 ["The distinction between clerical error and judicial error is Svhether the error was made in rendering the judgment, or in recording the judgment rendered'"].)
Here, the court did not simply correct a clerical error or address a matter incidental, collateral, or supplemental to the appeal. Nor did it leave the judgment intact. Rather, it recalled the sentence to allow defendant to withdraw his plea. It then conducted a bench trial, found defendant guilty, resentenced him, and entered a new judgment. By this set of actions, the court, in effect, tried to vacate its initial judgment and enter second judgment while an appeal from the first judgment was pending.
*145 As noted, however, once an appeal is filed, the trial court lacks jurisdiction to vacate the judgment unless that judgment is void on its face. (In re Johannes, supra, 213 Cal. at pp. 129-130, 1 P.2d 984; People v. Malveaux, supra, 50 Cal.App.4th at p. 1434, 59 Cal.Rptr.2d 371; Laidlaw Waste Systems, Inc. v. Bay Cities Services, Inc. (1996) 43 Cal.App.4th 630, 641, 50 Cal.Rptr.2d 824; People v. Kirkpatrick (1991) 1 Cal.App.4th 538, 543, 3 Cal. Rptr.2d 213; cf. People v. Haynes (1969) 270 Cal.App.2d 318, 321, 75 Cal.Rptr. 800 [during pendency of appeal, trial court lacks jurisdiction to grant writ of error coram nobis to vacate the underlying judgment].)
The trial court purported to act under the authority of Penal Code section 1170, subdivision (d) (hereafter section 1170(d)).
Section 1170(d) provides, in relevant part, "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion ... recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."[4]
In Portillo v. Superior Court (1992) 10 Cal.App.4th 1829, 13 Cal.Rptr.2d 709, the court held that section 1170(d) is a statutory exception to the general rule that a court loses jurisdiction upon the filing of an appeal and commencement of the sentence. The court held that under section 1170(d), a court has 120 days to recall a sentence after commitment even if an appeal from the judgment is pending. (Portillo v. Superior Court, supra, 10 Cal. App.4th at pp. 1834-1836, 13 Cal.Rptr.2d 709; see People v. Karaman (1992) 4 Cal.4th 335, 351-352, 14 Cal.Rptr.2d 801, 842 P.2d 100 [§ 1170d is an exception to the common law rule that the court loses resentencing jurisdiction when execution of sentence begins].)
However, the exception provided by section 1170(d) is not without limitations. A court may recall a sentence only for reasons "rationally related to lawful sentencing." (Dix v. Superior Court (1991) 53 Cal.3d 442, 456, 279 Cal.Rptr. 834, 807 P.2d 1063; People v. Karaman, supra, 4 Cal.4th at p. 351, 14 Cal.Rptr.2d 801, 842 P.2d 100; People v. Pritchett (1993) 20 Cal.App.4th 190, 194, 24 Cal. Rptr.2d 391 (Pritchett).) Pritchett, supra, 20 Cal.App.4th 190, 24 Cal.Rptr.2d 391 provides an apt illustration of this limitation.
In Pritchett, the defendant did not appeal from the judgment; and after the time for doing so had expired, he asked the trial court to recall his sentence and reduce his sentence or reimpose the same sentence so that he could appeal from the denial of his request and have his sentence reviewed. The trial court recalled the sentence but declined to reduce the term. However, with the consent of the prosecutor, the court reimposed the same sentence. The defendant then appealed. (Pritchett, supra, 20 Cal.App.4th at pp. 192-193, 24 Cal.Rptr.2d 391.)
*146 On appeal, the court deemed the reimposed sentence a nullity. The court explained that section 1170(d) was "not designed to permit a court to extend the time within which a defendant may file a notice of appeal." (Pritchett, supra, 20 Cal. App.4th at p. 194, 24 Cal.Rptr.2d 391.) Rather, recall must be only for purposes rationally related to sentencing. "In effect, the section creates a limited exception to the common law rule that a trial court loses jurisdiction to resentence once the defendant commences his or her sentence. [Citations.] Here, the trial court did not recall defendant's sentence for a reason rationally related to lawful sentencing; to the contrary, the court found the sentence completely appropriate.: Instead, the court recalled the sentence for the sole purpose of permitting defendant to file a notice of appeal after he had failed to do so within the period provided by law. We believe the trial court abused its discretion when it recalled the sentence for a reason completely unrelated to sentencing; consequently, since it was not acting within the exception established by section 1170, subdivision (d), the court had no `jurisdiction' to recall the sentence, and the purported order of December 21 is a nullity. [Citations.]" (Id. at pp. 194-195, 24 Cal. Rptr.2d 391, italics in Pritchett, fn. omitted.)
Here, too, the court did not recall the sentence for any reason rationally related to sentencing. Rather, the court recalled the sentence and then reimposed the same sentence solely to allow defendant to withdraw his plea, enter a slow plea, and obtain a second judgment from which he could appeal and raise his discovery issues. However, just as section 1170(d) was not designed to permit a court to extend the time for filing an appeal, so too it was not designed to give a defendant an opportunity to withdraw a guilty plea. Indeed, the filing of a notice of appeal divests the trial court of jurisdiction not only to vacate the judgment but also to allow a defendant to withdraw his or her plea. (People v. Superior Court (Giron) (1974) 11 Cal.3d 793, 797, fn. 4, 114 Cal.Rptr. 596, 523 P.2d 636; Stuart v. Superior Court (1979) 94 Cal. App.3d 182, 185, 156 Cal.Rptr. 289.) Certainly, the trial court here could not achieve both objectives under the guise of recalling defendant's sentence.
Under the circumstances, therefore, the record establishes the trial court lacked jurisdiction to (1) recall defendant's sentence to permit him to withdraw his plea, (2) conduct a court trial, and (3) enter a new judgment. Accordingly, those actions and the resulting judgment are nullities and void.
This does not mean that this court lacks jurisdiction over the instant appeal. An appeal from a void judgment is not the same as an appeal from a nonappealable order, in which case the appeal must be dismissed. (See, e.g., In re Mario C. (2004) 124 Cal.App.4th 1303, 1307, 21 Cal.Rptr.3d 891 ["a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion'"]; Art Movers, Inc. v. Ni West, Inc. (1992) 3 Cal.App.4th 640, 645, 4 Cal.Rptr.2d 689; In re Marriage of Loya (1987) 189 Cal.App.3d 1636, 1638, 235 Cal. Rptr. 198; Adohr Milk Farms, Inc. v. Love (1967) 255 Cal.App.2d 366, 369, 63 Cal.Rptr. 123.) Rather, where as here, the judgment meets the statutory test of appealabilityi.e., it is a "final judgment of conviction" (Pen.Code, § 1237, subd. (a)) an appeal from it lies even though the judgment is void. (Conservatorship of Romo (1987) 190 Cal.App.3d 279, 283, 235 Cal.Rptr. 377; see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 19, p. 79; 6 Witkin, Cal.Criminal Law (3d ed. 2000) *147 Criminal Appeal, § 55, p. 300.) Under such circumstances, the proper procedure is to reverse the void judgment rather than dismiss the appeal.[5] (In re Marriage of Micalizio (1988) 199 Cal.App.3d 662, 670, fn. 2, 245 Cal.Rptr. 673; Adohr Milk Farms, Inc. v. Love, supra, 255 Cal.App.2d at p. 371, 63 Cal.Rptr. 123; Avery v. Associated Seed Growers, Inc. (1963) 211 Cal. App.2d 613, 630, 27 Cal.Rptr. 625.)
Defendant suggests that the only procedural problem in this case is the timing of his abandonment of the first appeal. "Had it been abandoned on the day before the trial court recalled the sentence, the result would have been entirely proper and correct." However, defendant's assertion is not correct: Timing is not the only procedural problem. Even if defendant had abandoned the first appeal before the trial court recalled the sentence, recalling the sentence would still have been improper because it was not for a reason rationally related to sentencing.
In any event, defendant urges us to entertain his direct challenge to the trial court's discovery orders because doing so will conserve judicial resources by avoiding a petition for a writ of habeas corpus. Defendant argues that if this court finds that the trial court lacked jurisdiction, "the result would likely be a dismissal of the present appeal, and either the filing of a habeas petition or of a request to recall the remittitur in the first appeal in No. H030771. The result of either such procedure would pretty much be foreordained i.e., an order allowing the vacating of the original plea, and placing the matter back in the same posture it was in when the sentence was recalled by the superior court. Clearly, the parties would then enter into the same arrangement agreed upon in the superior courta slow plea and reimposition of the same judgment which would allow appeal of both the motion to quash the warrant and the motion to disclose the identity of the informant. [¶] In sum, after expenditure of considerable resources of the courts, appointed counsel, and the attorney general and district attorney's office, the case would wind up in the identical posture that it is in right now. Appellant therefore urges this Court to treat the procedures followed below, which both parties and the trial court agreed were necessary and proper, as giving rise to a proper judgment and appeal in the present matter, No. H031059."
We agree that reversing the void judgment may result in the expenditure of additional time and resources by appointed counsel, the district attorney, and the superior court and perhaps the Attorney General and this court. However, despite our strong interest in judicial economy, we do not believe that such a purely practical interest legally justifies the circumvention of the procedures for properly preserving and presenting an issue for appellate review or authorizes us to entertain appellate *148 claims made in an appeal from a void judgment.
Indeed, entertaining direct review of defendant's claims would require us to (1) ignore the facial validity of the first judgment; (2) uphold the trial court's actions despite its lack of jurisdiction to take them; and (3) implicitly validate a judgment that is otherwise null and void. Moreover, if we were to reach the merits of defendant's claims and ultimately agree with him, then we would have to reverse the second judgment. However, doing' so would have no affect on the first judgment, which, having never been reversed, has become final, and is not subject to review in this appeal.
If, on the other hand, we were to address and reject defendant's claims, he would not be entitled to reliefi.e., reversal of the judgment. In effect, however, we would be affirming a void judgment, which, at least theoretically, could be collaterally attacked at any time. (See People v. American Contractors Indemnity Co. (2004) 33 Cal.4th 653, 660, 16 Cal. Rptr.3d 76, 93 P.3d 1020 ["When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and `thus vulnerable to direct or collateral attack at any time'"]; see People v. Jackson (1983) 198 Cal.Rptr. 135, 150 Cal.App.3d Supp. 1, 13-14, overruled on a different point in People v. Posey (2004) 32 Cal.4th 193, 205, fn. 5, 8 Cal.Rptr.3d 551, 82 P.3d 755; 4 Witkin & Epstein, Cal.Criminal Law (3d ed. 2000) Jurisdiction & Venue, § 45, p. 135.)
In short, we do not believe that convenience, expediency, and judicial economy allow us to blind ourselves to the fundamental jurisdictional obstacles that preclude defendant from directly challenging the trial court's discovery rulings in this appeal. Rather, we believe the void judgment calls for a single action: reversal. Accordingly, we decline defendant's invitation to address the merits of his appellate claims.

DISPOSITION
The judgment is reversed.
WE CONCUR: PREMO and ELLA, JJ.
NOTES
[1] We have taken judicial notice of the record in H030771, People v. Alanis. (Evid.Code, §§ 452, subd. (d)(1), 453, 459.)
[2] This court later denied defendant's petition for a writ of mandate and prohibition challenging the trial court's orders. (H029204, Alanis v. Superior Court)
[3] In People v. Collins (2004) 115 Cal.App.4th 137, 8 Cal.Rptr.3d 731, the court noted "that a guilty plea bars an appellate contention mat the trial court improperly denied a defendant's motion to disclose the identity of an informant to assist in establishing the defendant's innocence of the charged offenses." (Id. at p. 148, 8 Cal.Rptr.3d 731; Hobbs, supra, 7 Cal.4th at p. 955, 975-976, 30 Cal. Rptr.2d 651, 873 P.2d 1246.) The court explained that a defendant cannot admit unlawful conduct by pleading guilty and "and then question the judgment on the ground that evidence he was not permitted to discover would have established to the contrary. The two positions are mutually inconsistent." (People v. Collins, supra, 115 Cal.App.4th at p. 148, 8 Cal.Rptr.3d 731.) The court further explained that even though the defendant obtained a certificate of probable cause to raise the discovery issue on appeal, the certificate could not "render reviewable a claim that is otherwise not cognizable on appeal from a guilty plea." (Id. at p. 149, 8 Cal.Rptr.3d 731.) The. court concluded, "As the record does not reflect that defendant's plea, was premised, upon the assumption he could obtain appellate review of the denial of his informant motion, defendant is not entitled to withdraw his plea because we now decline to reach the merits of the challenged ruling." (Ibid.)

On the other hand, the court concluded that the defendant could properly seek review of the denial of his motion to disclose the identity of an informant insofar as the motion was "`directed to the legality of the search.'" (People v. Collins, supra, 115 Cal.App.4th at p. 149, 8 Cal.Rptr.3d 731, quoting Hobbs, supra, 7 Cal.4th at p. 956, 30 Cal.Rptr.2d 651, 873 P.2d 1246; see Pen.Code, § 1538.5, subd.
[4] In this case, the court recalled defendant's sentence within 120 days of the date of defendant's commitment.
[5] In Petroleum Midway Co. v. Zahn (1944) 62 Cal.App.2d 645, 145 P.2d 371 (Zahn), a party appealed from a judgment that was defective and void because the trial court had failed to make required findings. The Zahn court observed that if a void judgment has no existence, then the appropriate course would be to dismiss the appeal. However, to dismiss an appeal would be a de facto affirmance of a defective and void judgment. (Id. at pp. 651-652, 145 P.2d 371.) Under the circumstances, the court stated that "[t]o conclude that we have no jurisdiction on this appeal to reverse the judgment which was entered ... because it has not yet been rendered, in that findings have not been filed, would be to give words precedence over the ideas they are meant to convey, and to give a form of procedure greater obeisance than to the object sought to be attained." (Id. at p. 652, 145 P.2d 371.) Consequently, the court treated the judgment as a real, albeit void, judgment and reversed it.