Filed 8/21/20  P. v. Cooper CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B293044 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA094945) |
| v. | |
| MARK COOPER, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Reversed and remanded for resentencing.

David L. Annicchiarico, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

This is defendant Mark Cooper's second appeal following his convictions for first degree murder and eight other offenses. In his first appeal, we reversed two of his nine convictions and one firearm enhancement, vacated his sentence, and remanded for resentencing. We directed the trial court to, inter alia, consider whether to exercise its newly enacted discretion to strike some or all of the remaining firearm enhancements.

While Cooper's first appeal was pending before us, the trial court held a hearing at which it increased Cooper's custody credits, imposed fines it had not imposed orally at his original sentencing, and declined to strike his firearm enhancements. Cooper appeals from those orders.

The parties agree the trial court was without jurisdiction to modify the sentence while Cooper's appeal was pending. The Attorney General argues that remand for resentencing is unnecessary, however, primarily because the trial court made clear that it would not strike the enhancements even with proper jurisdiction.

Our decision in the first appeal, however, vacated Cooper's sentence in its entirety. The trial court has not yet had the opportunity to reevaluate Cooper's sentence in light of our decision in the first appeal. Accordingly, we reverse and remand for resentencing consistent with our earlier decision.

## FACTUAL BACKGROUND

The facts underlying Cooper's convictions are not relevant to the issues in this appeal and therefore a detailed summary is unnecessary. Briefly, Cooper and three confederates entered a drug dealer's home, ostensibly to purchase marijuana, but then drew guns and proceeded to rob the drug dealer and others in the

2

home.  When the victims resisted, Cooper threw his gun to one of his confederates who then opened fire with it, killing one victim.

## PROCEDURAL BACKGROUND

### 1.    *Conviction and sentencing*

A jury convicted Cooper of first degree murder while engaged in the commission or attempted commission of robbery or burglary (count 1), two counts of attempted murder (counts 2 and 3), one count of assault with a firearm (count 4), four counts of robbery (counts 5, 6, 7, and 8), and one count of burglary (count 9).  On all counts except count 4, the jury found true the allegation that Cooper personally used a firearm within the meaning of Penal Code[1] section 12022.53, subdivision (b); on count 4 the jury found true the allegation that Cooper personally used a firearm within the meaning of section 12022.5, subdivision (a).

For count 1, first degree murder, the trial court sentenced Cooper to life without the possibility of parole plus 10 years for the firearm enhancement.  For counts 2 and 3, attempted murder, the trial court imposed an additional indeterminate term of 14 years to life plus 20 years for the firearm enhancements.

For the determinate portion of the sentence, the trial court chose count 6, robbery, as the principal base term, selecting the midterm of six years plus 10 years for the firearm enhancement. The trial court then imposed one-third that sentence, or five years, four months, for each of robbery counts 7 and 8.  The

---

[1]  Undesignated statutory citations are to the Penal Code.

trial court imposed but stayed sentences on counts 4, 5, and 9 pursuant to section 654.[2]

When it orally pronounced judgment, the trial court did not impose restitution or parole revocation fines. The minute order for the sentencing hearing, however, imposed both fines in the amount of $5,000 each.

## 2. *First appeal*

In Cooper's first appeal, B283492, decided November 28, 2018, we reversed two of the robbery convictions (counts 7 and 8), concluding the victims of those counts did not have a possessory interest in the stolen marijuana. We also reversed the firearm enhancement on count 4, assault with a firearm, because it was Cooper's confederates, not Cooper himself, who assaulted the victim of that count.

We further concluded that remand was necessary for the trial court to exercise its discretion whether to strike the remaining firearm enhancements under then recently enacted section 12022.53, subdivision (h). We also instructed the trial court on remand to add to Cooper's custody credits the time he spent in custody outside of California.

The parties agreed that the trial court's oral pronouncement of judgment omitting restitution and parole revocation fines governed rather than the written minute order that imposed those fines. Cooper argued the fines should be stricken; the Attorney General argued for remand to allow the trial court to exercise its discretion to impose the fines.

---

[2] The trial court later modified the stayed portions of the sentence, including striking the firearm enhancement from count 9.

4

We concluded the Attorney General had forfeited the issue by not raising it in the trial court, and therefore we declined to consider it.

Our opinion's disposition reiterated the reversals of the two robbery convictions and one firearm enhancement. We then stated, "In all other respects the judgment is affirmed. The sentence is vacated, and the case is remanded to the trial court for resentencing, including whether to exercise its discretion to strike the firearm enhancement pursuant to section 12022.53, subdivision (h)." (*People v. Cooper* (Nov. 28, 2018, B283492) [nonpub. opn.].)

## 3. *Hearing in trial court during pending appeal*

On September 19, 2018, while Cooper's appeal was pending before us, the trial court held a hearing at which it addressed certain aspects of his sentence that had been brought up in the appellant's and respondent's briefs.

The trial court increased Cooper's credits and orally imposed a $5,000 restitution fine and $5,000 parole revocation fine. The trial court then heard argument as to whether to strike the firearm enhancements.

After argument, the trial court chose not to strike the firearm enhancements. The trial court stated, "I remember the circumstances inside of the house, it's scary, there was a gun, victims were very frightened. I think it's appropriate, and I'm choosing to exercise my discretion to leave the sentence as I originally sentenced him which included the gun use."

5

## DISCUSSION

The parties agree the trial court lacked jurisdiction to modify the judgment while Cooper's appeal was pending, and therefore the trial court's orders at the September 19, 2018 hearing are void. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472–1473 ["Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. [Citations.] Thus, action by the trial court while an appeal is pending is null and void."].) We nonetheless have jurisdiction over the appeal from those void orders. (*Id.* at pp. 1476–1477.)

Cooper argues we should reverse the trial court's order declining to strike the firearm enhancements and remand for a new resentencing hearing on that issue only. Cooper reads our opinion in his first appeal as ordering the trial court to "strike the [restitution and parole revocation] fines," which Cooper says we may do on our own authority without remand. Cooper's briefing does not address what should be done about the trial court's order increasing his custody credits.

The Attorney General argues remand for resentencing is unnecessary because the trial court clearly indicated it would not strike the firearm enhancements, and therefore we should "affirm the judgment as to [those] enhancements." The Attorney General agrees with Cooper that the trial court's imposition of restitution and parole revocation fines was not only void, but "contrary to this Court's holding" in the first appeal, and thus those fines should be stricken under the law-of-the-case doctrine. The Attorney General contends the trial court could modify Cooper's custody credits "as part of its inherent power to correct clerical

6

errors," and therefore remand on that issue is unnecessary as well.

The parties' arguments appear to assume that we remanded in the first appeal solely on the issues of the firearm enhancements and the custody credits. That is incorrect; as our disposition stated, we vacated the *entire* sentence, and "remanded to the trial court for resentencing, *including* whether to exercise its discretion to strike the firearm enhancement . . . ." (Italics added.)

Thus, on remand, the trial court would be free to consider not only whether to strike some or all of the firearm enhancements, but also, inter alia, whether to modify the sentence on the remaining convictions after we had reversed two of the robbery convictions and one of the firearm enhancements. The trial court has not yet had the opportunity to do so. Nor can we conclude the trial court would inevitably follow the same course it did in the September 19, 2018 hearing, when it made those determinations without the benefit of our decision in the first appeal.

The parties also mischaracterize our decision in the first appeal as striking the restitution and parole revocation fines. We did no such thing. We merely declined to address the Attorney General's arguments on the issue, deeming them forfeited. Thus, the law-of-the-case doctrine does not apply, and the trial court may address the issue of fines anew when it resentences Cooper. Consistent with our decision in the first appeal, the trial court must also award Cooper credit for time spent in custody outside California.

## DISPOSITION

The September 19, 2018 orders are reversed. Cooper's sentence remains vacated in its entirety, and the case is remanded for resentencing consistent with our opinion in B283492.

NOT TO BE PUBLISHED.


                                        BENDIX, J.

We concur:



        ROTHSCHILD, P. J.



        CHANEY, J.

8