Filed 3/16/21 P. v. Cooper CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DERRICK ANTOINE COOPER, Defendant and Appellant. | A160515 (Contra Costa County Super. Ct. No. 05-131866-6) |

In 2017, this court affirmed Derrick Antoine Cooper's conviction of first degree murder (Pen. Code,[1] § 187) but remanded the case for limited purposes that included considering whether to strike an enhancement. (*People v. Cooper* (Dec. 5, 2017, A143556 [nonpub. opn.]) (*Cooper I*).) On remand, the trial court declined to strike the enhancement. Cooper appealed from that order in July 2019. In October 2020, this court issued an opinion affirming that order (*People v. Cooper* (Oct. 15, 2020, A158253 [nonpub. opn.]) (*Cooper II*)).

While the *Cooper II* appeal was pending, Cooper filed a petition in the trial court pursuant to newly enacted section 1170.95, which authorizes resentencing of persons convicted of felony murder or murder on a theory of natural and probable consequences under circumstances that do not support a conviction under sections 188 and 189 as modified by Senate Bill No. 1437,

---

[1] All statutory references are to the Penal Code.

effective January 1, 2019. In June 2020, while *Cooper II* was still pending, the trial court issued an order denying the section 1170.95 petition. Cooper appeals, contending the order is void because the pendency of the *Cooper II* appeal deprived the trial court of jurisdiction to resolve his section 1170.95 petition. The Attorney General urges this court to affirm the order but despite practical advantages of reviewing the merits of the order at this point, the trial court lacked jurisdiction to issue it, so that we must remand with directions to vacate the order.

## Factual and Procedural History

This court's 2017 opinion affirming Cooper's conviction (*Cooper I*) describes how Cooper and codefendants James Green and Antwone Johnson, who belonged to a street gang, killed Lincoln Plair, who they mistakenly assumed to be a member of a rival gang. Cooper and Johnson, each armed, walked toward Plair, who was washing a car on the sidewalk. Multiple shots were fired, killing Plair. Cooper later discovered that his gun had jammed.

The information charged each defendant with murder (§ 187) and alleged as an enhancement that each personally and intentionally fired a gun causing great bodily injury or death, and was vicariously responsible for another defendant having done so (§ 12022.53, subds. (d)–(e)). The jury found Cooper guilty of murder, found not true the allegation that he personally fired a gun (§ 12022.53, subd. (d)), but found true the allegations that the murder was committed to benefit a street gang (§ 186.22, subd. (b)(1)) and that a principal fatally fired a gun (§ 12022.53, subd. (d)). Those findings subjected Cooper to a vicarious firearm-use enhancement. (§ 12022.53, subd. (e)(1).) The court sentenced him to 25 years to life on the murder count and a consecutive term of 25 years to life on the enhancement.

Our December 2017 opinion in *Cooper I* affirmed the conviction but remanded the case to the trial court for two limited purposes: to hold a "*Franklin* hearing" to generate a record of information that may assist the Board of Parole Hearings at a future youthful-offender parole hearing (see *People v. Franklin* (2016) 63 Cal.4th 261, 283–284) and to determine whether the court should in the interest of justice strike the firearm enhancement imposed pursuant to section 12022.53.

On remand, the trial court denied the request to strike the enhancement and reimposed the original sentence. (§ 12022, subd. (a)(1)). Cooper promptly appealed and in October 2020 this court issued its opinion in *Cooper II* affirming the order. After the Supreme Court denied a petition for review, we issued a remittitur in February 2021.

In early 2020, while the *Cooper II* appeal was pending, Cooper evidently tried to file in the trial court a petition for resentencing pursuant to section 1170.95. The record does not include a file-stamped copy of that petition but does include a notice and request for ruling that Cooper filed in May 2020, which asserts that he had filed a resentencing petition in February or March. Attached to the May 2020 notice is a form petition for resentencing, which Cooper filled out by checking boxes next to recitals of the prerequisites for relief under section 1170.95.[2]

On May 29, 2020, the court held a conference with the deputy district attorney who had prosecuted Cooper and an alternative deputy public defender who has represented him in posttrial matters. After noting that the court had not received a copy of the resentencing petition before Cooper filed

---

[2] The petition attached to the notice is dated May 13, 2020. It thus appears that Cooper filled out a new copy of the form petition on that date, rather than attaching to the notice a photocopy of the form that he had previously attempted to file.

the May 2020 notice, the court tentatively ruled that the petition failed to make a prima facie showing of eligibility for relief. On June 2, 2020, the court issued an order holding that Cooper "has not made a prima facie showing that he falls within the provisions of [section] 1170.95" and denying the petition.

On June 15, the court ordered certain fines deleted from Cooper's sentence pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157, disagreed with by *People v. Kopp* (2019) 38 Cal.App.5th 47, 96–97, review granted Nov. 13, 2019, S257844, and issued a new abstract of judgment reflecting the deletion. Shortly thereafter, Cooper filed a timely notice of appeal from the order denying his section 1170.95 petition.

## Discussion

In a 2015 decision addressing section 1170.18 (enacted by Proposition 47), the Third District Court of Appeal summarized the principles relevant to a trial court's jurisdiction to consider a resentencing petition during the pendency of an appeal involving the petitioner's sentence. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923 (*Scarbrough*).) According to the court, " '[T]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' [Citations.] This rule protects the appellate court's jurisdiction by [preserving] the status quo so that an appeal is not rendered futile by alteration. [Citations.] As a result of this rule, the trial court lacks jurisdiction to make any order affecting a judgment, and any action taken by the trial court while the appeal is pending is null and void. [Citation.] [¶] There are limited exceptions to this jurisdictional divestment. For instance, the trial court may, while an appeal is pending, vacate a void judgment, correct an

4

unauthorized sentence, or correct clerical errors in the judgment."[3] (*Id.* at p. 923.)

Cooper and the Attorney General both quote *Scarbrough*, and neither disputes its summary of the governing principles. The *Scarbrough* court applied those principles to conclude that, while a defendant's appeal was pending from the sentence imposed on her felony convictions for drug possession, the trial court lacked jurisdiction to consider her section 1170.18 petition. (*Scarbrough, supra,* 240 Cal.App.4th at pp. 920, 924–930.) The trial court had issued a resentencing order, which was therefore void. (*Id.* at p. 920.)

*People v. Martinez* (2019) 31 Cal.App.5th 719, cited by Cooper, also supports his contention that the trial court lacked jurisdiction to rule on the section 1170.95 petition. In 2018, while an appeal was pending from the defendant's murder conviction, Martinez filed a supplemental brief seeking relief based on the changes to the law of accomplice liability for murder made by newly enacted Senate Bill No. 1437. In holding that the Legislature did not intend those changes to apply retroactively to nonfinal convictions on direct appeal, the court stated, "Once a notice of appeal is filed, jurisdiction vests in the appellate court until the appeal is decided on the merits and a remittitur issues. [Citations.] But a defendant retains the option of seeking to stay his or her pending appeal to pursue relief under Senate Bill 1437 in the trial court. A Court of Appeal . . . can order the pending appeal stayed with a

---

[3] Other exceptions allow a trial court (1) to order "[c]orrections to errors in the calculation of presentence custody credits" (*Scarbrough, supra,* 240 Cal.App.4th at p. 923), (2) to recall a sentence within 120 days of imposition "for reasons rationally related to lawful sentencing" and to resentence the defendant (*id.* at pp. 923–924, citing § 1170, subd. (d)), or (3) to consider, subject to certain limitations, a habeas corpus petition (*id.* at p. 924).

limited remand to the trial court for the sole purpose of permitting the trial court to rule on a petition under section 1170.95." (*Martinez, supra,* at p. 729.) *Martinez* thus highlights the fact that, absent such a stay, an appeal deprives the trial court of jurisdiction to rule on a section 1170.95 petition.

The Attorney General accurately quotes *Scarbrough* for the proposition that "during the pendency of an appeal, the trial court may 'vacate a void judgment, correct an unauthorized sentence, or correct clerical errors in the judgment,' including 'corrections to errors in the calculation of presentence custody credits.' " (*Scarbrough, supra*, 240 Cal.App.4th at p. 923.) However, neither authority nor logic supports the Attorney General's assertion that "fairly included among this list is the trial court's ability to consider a section 1170.95 petition during the pendency of an appeal involving a *Franklin* hearing." Aside from the fact that the appeal in *Cooper II* raised no issues concerning the *Franklin* hearing, the section 1170.95 petition does not challenge a void judgment[4], seek to correct an unauthorized sentence,[5] or request correction of clerical errors in the judgment. The Attorney General does not argue otherwise.

The Attorney General points by analogy to Code of Civil Procedure section 916, subdivision (a), which states that "the perfecting of an appeal

---

[4] Under the "void judgment" exception to the rule of jurisdictional divestment, a trial court "is allowed to vacate a void—but not voidable—judgment"; a judgment "is void rather than voidable only if the trial court lacked subject matter jurisdiction." (*People v. Malveaux* (1996) 50 Cal.App.4th 1425, 1434.) Senate Bill No. 1437 obviously did not retroactively divest the trial court of subject matter jurisdiction over Cooper's criminal prosecution.

[5] Cooper's section 1170.95 petition contends that his conduct cannot support a conviction of murder under current law. The petition does not contend that a term of 25 years to life in prison is an unauthorized sentence for murder if the legal theory underlying his murder conviction remains valid.

stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby." Whether or not Cooper's section 1170.95 petition involves matters "embraced" in or "affect[ing]" the issues in the *Cooper II* appeal, Code of Civil Procedure section 916, is within the title governing "appeals in civil actions." (Code Civ. Proc., pt. 2, tit. 13.) The jurisdictional principles applicable in these criminal proceedings, as summarized in *Scarbrough*, dictate that the order purporting to resolve Cooper's section 1170.95 petition is void for lack of jurisdiction.[6]

The Attorney General concludes by stating that accepting appellant's position will "result in a waste of judicial resources and . . . further delay in the finality of judgment the victim's family deserves." We note that Cooper filed his brief demonstrating the trial court's lack of jurisdiction in November 2020. If the Attorney General had responded by promptly filing a confession of error, the case could have been remanded to the trial court without further delay. In any event, the rules governing jurisdiction are not subject to ad hoc, case-by-case exceptions created to serve perceived short-term efficiency. (See, e.g., *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1107.) Despite the apparently pointless efforts involved, we have no choice but to order vacation of the void orders.

## Disposition

The matter is remanded with directions to vacate the order filed on June 3, 2020, denying Cooper's petition pursuant to section 1170.95. The trial

---

[6] The Attorney General briefly asserts that Cooper "has forfeited his right to claim the trial court lacked jurisdiction." But defects in subject-matter jurisdiction cannot be waived, let alone forfeited. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1473 [" '[s]o complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and . . . an order based upon such consent would be a nullity' "].)

7

court is also directed to vacate the order and amended abstract of judgment filed on June 15, 2020, that deleted restitution fines from Cooper's sentence. The trial court should reconsider all such matters after the issuance of a remittitur in this appeal has reinvested it with jurisdiction to do so.


                                        POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.