Filed 8/25/21  P. v. Griffith CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER L. GRIFFITH,<br><br>    Defendant and Appellant. | H047528<br>(Monterey County<br>Super. Ct. No. SS052430A) |

In March 2008, defendant was convicted by jury trial of voluntary manslaughter (Pen. Code, § 193, subd. (a)).[1]  The jury found true an allegation that defendant had personally used a firearm in committing that offense (§ 12022.53, subd. (d)), and defendant admitted a prior prison term allegation (§ 667.5, subd. (b)).  The trial court sentenced defendant to an aggregate prison term of 21 years, and imposed a $10,000 restitution fine.  (*People v. Griffith* (May 25, 2010 H032926) [nonpub. opn.].)  Defendant appealed, raising issues about his trial but not his sentence.  This court affirmed.  (*Id.* at pp. 1-2, 68.)

In May 2019, defendant, proceeding pro per, filed a "petition for recall and vacate of sentence" purportedly pursuant to section 1237.2.  In August 2019, defendant, again pro per, filed a motion for modification of sentence, purportedly pursuant to section 1202.4, subdivision (f)(1).  The gravamen of both filings was that the trial court should

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

reduce the $10,000 restitution fine due to an inability to pay. The court issued an order denying the motions.

Defendant, now represented by appointed counsel, appeals. He argues that section 1237.2 grants the trial court jurisdiction to consider his request that the restitution fine be reconsidered in light of his inability to pay. The Attorney General responds that the appeal must be dismissed because the trial court lacked jurisdiction to consider defendant's postjudgment motions. We agree and dismiss the appeal.

## I. DISCUSSION

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.]" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207-1208 [applying the foregoing general rule to a request to modify a restitution fine].) "There are exceptions to the general rule. [For example, a] court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment. (§ 1170, subd. (d)(1).) Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and 1170.95. Courts may correct computational and clerical errors at any time. [Citation.] Unauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings' " ' are correctable at any time. [Citations.]" (*Torres*, *supra*, at p. 1085.)

Here, it is undisputed that the execution of defendant's sentence began before he filed the motion that is the subject of this appeal. Accordingly, the trial court lacked jurisdiction to grant that motion unless an exception to the general rule applies. Defendant, however, does not argue that any of the established exceptions to that general rule of jurisdiction are applicable. Rather, defendant argues that section 1237.2, which took effect on January 1, 2016 (Stats. 2015, ch. 194, § 3), expanded superior court

jurisdiction to allow for the modification of fines, fees, and assessments even after a final judgment.

Section 1237.2 provides in full: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are [*sic*] the sole issue on appeal." Thus, section 1237.2 bars criminal appeals challenging only the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the claim of error has been raised first in the trial court. The provision's legislative history indicates that its purpose is to conserve judicial resources and avoid costly appeals. (*Torres*, *supra*, 44 Cal.App.5th at p. 1086.)

The second sentence of section 1237.2 does, by its plain terms, enlarge trial court jurisdiction. It states that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction." That represents an expansion of trial court jurisdiction, as the general rule is that the filing of a valid notice of appeal divests the trial court of jurisdiction and vests jurisdiction in the appellate court. (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472.)

Defendant asks us to construe section 1237.2 as *perpetually* vesting jurisdiction in the trial court to correct erroneous fines and fees, even if such errors are raised long after

the time for direct appeal has elapsed.  That construction, however, is inconsistent with the statutory language, purpose, and legislative history of section 1237.2.

In its second sentence, section 1237.2 provides for the retention of trial court jurisdiction "after a notice of appeal has been filed."  (§ 1237.2.)  Defendant contends that this language permits a trial court to correct errors in the imposition or calculation of fines and fees at any time.  The next sentence of section 1237.2, however, provides that the "section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs *are* the sole issue on appeal."  (§ 1237.2, emphasis added.)  "The use of the present tense—'are,' not 'were'—points to a *pending*, not a prior, appeal."  (*Torres*, *supra*, 44 Cal.App.5th at p. 1087.)  Thus, under the statute's plain terms, the jurisdiction of the trial court to correct any errors in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs, exists only during the pendency of the direct appeal.

Defendant's construction also is inconsistent with the statute's purpose of conserving judicial resources by limiting the number of direct appeals raising common sentencing errors.  Permitting defendants to assert error in the trial court after the time for direct appeal has passed would increase, rather than decrease, the expenditure of judicial resources.  (*Torres*, *supra*, 44 Cal.App.5th at p. 1087.)  Finally, defendant's statutory construction is inconsistent with the legislative history of section 1237.2.  That legislative history reveals that the second sentence of section 1237.2 "was added to address [the] concern . . . that a defendant who belatedly discovers an erroneous fine could be left without a remedy if he or she [were] precluded . . . from challenging the fine on appeal (for failing to raise it in the trial court) and precluded from correcting the error in the trial court because that court had lost jurisdiction over the case."  (*Torres*, *supra*, at p. 1087.)  Thus, "the statute's second sentence furthers [its primary] purpose [of promoting judicial economy and efficiency] by giving trial courts the power to resolve [fines and fees] challenges notwithstanding [a] pending appeal.  That purpose is not served by extending

4

the trial court's jurisdiction to motions made after the conclusion of the direct appeal" or after the time to appeal has elapsed.  (*Ibid.*)

In sum, the trial court in this case lacked jurisdiction to consider defendant's motions to modify his fines and fees.  Given that lack of jurisdiction, the court's order denying the motion is not appealable.  (*Torres*, *supra*, 44 Cal.App.5th at p. 1084.)

## II.    DISPOSITION

The appeal is dismissed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.


_____

DANNER, J.


*People v. Griffith*
H047528