Filed 9/25/23  P. v. Thompson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097372 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRCNV19980016794, SP062695C) |
| v. | |
| BERTRAND THOMPSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Bertrand Thompson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  In their brief, counsel noted there "may be a question of the appealability of the matter being appealed."  We agree and conclude defendant has appealed from a nonappealable order.  We will dismiss the appeal accordingly.

1

BACKGROUND[1]

In August 2019, defendant appealed from the trial court's denial of his Penal Code section 1172.6 petition for resentencing (the resentencing appeal). (*People v. Thompson* (Dec. 16, 2020, C090225) [nonpub. opn.].) This court affirmed that order in December 2020. (*Ibid.*) Defendant then petitioned the Supreme Court for review; review was granted in March 2021, and further action was deferred pending consideration and disposition of related issues in *People v. Lewis* (2021) 11 Cal.5th 952 and *People v. Strong* (2022) 13 Cal.5th 698.

In September 2022, while review of our decision in the resentencing appeal was pending in the Supreme Court, defendant filed an ex parte motion to stay and/or vacate specified fines and fees pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. In October 2022, the trial court denied that motion.

On November 1, 2022, this court filed an opinion on transfer in the resentencing appeal; we reversed the trial court's order and remanded the matter for further proceedings under section 1172.6. (*People v. Thompson* (Nov. 1, 2022, C090225) [nonpub. opn.].)

On November 16, 2022, defendant filed the notice of appeal in this matter challenging the trial court's October 2022 order denying the ex parte motion to stay and/or vacate specified fines and fees. Remittitur in the resentencing appeal issued in January 2023.

DISCUSSION

The general rule is that the filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur, thereby divesting the trial court of jurisdiction over anything affecting the

---

[1] On the court's own motion, we incorporate by reference the record on appeal in defendant's prior appeal, case No. C090225.

2

judgment.  (See *People v. Flores* (2003) 30 Cal.4th 1059, 1064; see also *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472.)  Moreover, "[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed."  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

Defendant filed his ex parte motion to vacate and/or stay specified fines and fees while the resentencing appeal was still pending.  Accordingly, the trial court lacked jurisdiction to rule on defendant's motion.  (See *People v. Flores*, *supra*, 30 Cal.4th at p. 1064.)  The trial court nevertheless denied the motion; defendant appeals from that order.  That order, however, is nonappealable and the appeal must be dismissed.  (See *People v. Torres*, *supra*, 44 Cal.App.5th at p. 1084.)

DISPOSITION

The appeal is dismissed.


_____/s/_____

BOULWARE EURIE, J.


We concur:


_____/s/_____

MAURO, Acting P. J.


_____/s/_____

DUARTE, J.


3