Filed 5/24/24  P. v. Oliver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHRISTOPHER WAYNE OLIVER,<br><br>　　　　Defendant and Appellant. | C098469<br><br>(Super. Ct. Nos. MANCRFE20130001316, MF036585C) |

Defendant Christopher Wayne Oliver originally appealed his murder conviction, among other offenses, and a panel of this court affirmed the judgment in *People v. Oliver* (June 28, 2019, C081847) [nonpub. opn.] (*Oliver I*).  Before issuance of the remittitur in *Oliver I*, defendant filed a petition for resentencing under Penal Code[1] section 1170.95 (now section 1172.6), which the trial court summarily denied.

---

[1]  All undesignated statutory references are to the Penal Code.  Defendant originally filed his petition in August 2019 under former section 1170.95, which was renumbered to

Defendant's appeal from the summary denial (case No. C090548 (*Oliver II*)) was dismissed on the People's motion because the order was found nonappealable. Defendant later filed a second resentencing petition, which the trial court denied based on its earlier order denying the first petition. Defendant again appeals.

The parties agree,[2] as do we, that the trial court lacked jurisdiction to rule on the initial resentencing petition because it had not yet regained jurisdiction of the matter following defendant's direct appeal in *Oliver I*. The trial court's order denying the petition was therefore null and void and cannot serve as a basis for denying defendant's second resentencing petition. Accordingly, we shall reverse and remand for further proceedings on the second petition.

## I. BACKGROUND

According to our decision in *Oliver I*, in 2013 defendant's friend Michael Roessler and the victim Michael Lawrence got into a verbal argument at a bar. After Lawrence left, Roessler contacted defendant, who provided him with a gun. They went to Lawrence's house where defendant and Lawrence engaged in a physical fight. During the fight, Roessler fired the gun, killing Lawrence and injuring defendant. (*Oliver I, supra*, C081847.)

Defendant was found guilty of first degree premeditated murder (§ 187, subd. (a)—count 1), conspiracy to commit murder (§ 182, subd. (a)(1)—count 2), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)—count 6). The jury also found true an allegation that a principal in the commission of the murder and conspiracy crimes was armed with a firearm. (§ 12022, subd. (a)(1).) The trial court

---

section 1172.6 without substantive change effective June 30, 2022. (See Stats. 2022, ch. 58, § 10.) For clarity, we refer to section 1172.6 throughout this opinion.

[2] We grant the parties' requests to take judicial notice of this court's appellate dockets in *Oliver I* (case No. C081847) and *Oliver II* (case No. C090548).

imposed an aggregate term of 27 years to life in prison for the offenses. In June 2019, we affirmed the judgment in *Oliver I* and issued the remittitur on October 10, 2019.

On August 14, 2019, before the remittitur in *Oliver I* issued, defendant filed a section 1172.6 petition for resentencing. Two weeks later, on August 27, 2019, the trial court summarily denied the petition after finding that because defendant was found guilty of conspiracy to commit murder, the jury necessarily found that defendant acted with the intent to kill under the given instructions and was therefore not entitled to relief.

In May 2020, this court granted the People's motion to dismiss defendant's appeal from the summary denial of his resentencing petition because it was a nonappealable order. (*Oliver II, supra*, C090548.) The remittitur in *Oliver II* issued on August 14, 2020.

Nearly three years later, in February 2023, defendant filed a second section 1172.6 petition for resentencing declaring that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed on a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, that he was convicted of murder following a trial, and that he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant requested the appointment of counsel.

In April 2023, the trial court summarily denied the petition. A form ex parte order denying the petition states: "According to the court's file, a previous Petition was filed on 8/14/19. Through an order dated 8/27/19, the court summarily denied the Petition and included a written Decision. On 9/30/19, Petitioner filed a Notice of Appeal as to the summary denial. Notice that appellate counsel had been appointed was filed on 11/12/19. A Remittitur was filed on 8/19/20 indicating the Court of Appeal had granted Respondent's motion to dismiss the appeal filed on 9/30/19 (regarding the summary denial of the Petition for Resentencing." Defendant timely appealed.

3

## II. DISCUSSION

Defendant contends, and the People concede, that the trial court lacked jurisdiction to deny defendant's initial resentencing petition because it had not yet reobtained jurisdiction from this court under the remittitur following defendant's direct appeal in *Oliver I.*  We agree.

"The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur."  (*People v. Perez* (1979) 23 Cal.3d 545, 554; see *People v. Martinez* (2019) 31 Cal.App.5th 719, 729 ["Once a notice of appeal is filed, jurisdiction vests in the appellate court until the appeal is decided on the merits and a remittitur issues"].)  "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it."  (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472; see also *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [" 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court' "].)  "Thus, action by the trial court while an appeal is pending is null and void."  (*Alanis, supra*, at p. 1473.)  It is only when the remittitur issues that jurisdiction transfers back to the trial court.  (*People v. Burhop* (2021) 65 Cal.App.5th 808, 813.)

In this case, the trial court denied defendant's first resentencing petition *before* the remittitur issued in defendant's direct appeal in *Oliver I.*  Thus, at the time the trial court ruled, it lacked subject matter jurisdiction to consider the merits of the resentencing petition.  Because the trial court lacked jurisdiction to grant the relief requested, its August 2019 order denying the first resentencing petition was null and void (*People v. Alanis, supra*, 158 Cal.App.5th at p. 1472; *People v. Burhop, supra*, 65 Cal.App.5th at p. 813), and that null and void order could not serve as the basis for denying defendant's second resentencing petition.

4

As the People properly note, defendant has not yet had a valid ruling on his petition for resentencing. Remand for further proceedings is therefore warranted. We express no opinion on the outcome of the petition.

### III.  DISPOSITION

The order denying defendant's February 2023 petition for resentencing is reversed and the matter is remanded for further proceedings under section 1172.6.


/S/

_____

RENNER, Acting P. J.


We concur:


/S/

_____

BOULWARE EURIE, J.


/S/

_____

MESIWALA, J.