Filed 6/26/23  P. v. Lick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL MIRANDA LICK,<br><br>    Defendant and Appellant. | C096741<br><br>(Super. Ct. No. MAN-CR-FE-2020-0005678) |

Defendant Daniel Miranda Lick pleaded guilty to voluntary manslaughter and was sentenced to three years in state prison on June 6, 2022.  After defendant filed a notice of appeal, the trial court set aside defendant's plea and reinstated the murder charge. Defendant argues the trial court lacked jurisdiction to do so because of his pending appeal.  We agree, concluding that defendant's notice of appeal divested the trial court of subject matter jurisdiction.  We vacate the trial court's actions subsequent to defendant filing his notice of appeal and reinstate the sentence imposed on June 6, 2022.

1

Defendant's brief presents no issue as to the June 6, 2022, sentence, and we therefore affirm.

<h2 style="text-align:center">FACTUAL AND PROCEDURAL BACKGROUND</h2>

Defendant was charged with murder (Pen. Code, § 187, subd. (a))[1] and ultimately pleaded guilty to voluntary manslaughter (§ 192, subd. (a)). The facts of the underlying crime are not relevant to the issues on appeal, and we do not recount them. On June 6, 2022, the trial court sentenced defendant to the lower term of three years in state prison with 826 days of presentence credit. Defendant filed a notice of appeal on August 5, 2022, alleging sentencing error, ineffective assistance of counsel, and due process violations.

Following the filing of the notice of appeal, the trial court scheduled a hearing for August 29, 2022. At the hearing, the trial court indicated it calendared the matter "because Mr. Miranda Lick filed a notice of appeal with the Third District Court of Appeal, which was forwarded to me." "Mr. Miranda Lick made serious allegations against [defense counsel]. He spent a page attacking the integrity of this Court, which hasn't happened to me during the 23 years I have been practicing and on the bench. But Mr. Miranda Lick is the first to do that. You know, I'm not a judge to get in the way of a plea deal. So, I let that deal go through against, perhaps, my better judgment. And certainly, I imposed the lower term against my better judgment. But [defense counsel] was persuasive, and I went along with it. [¶] But Mr. Miranda Lick has filed this notice of appeal. The reality is that I still retain jurisdiction over this case, because it has not been 120 days since the imposition of sentence. I am going to set aside the plea deal. The original murder charges will be reinstated. All charges will be reinstated. We'll start back at the position we were in before Mr. Miranda Lick entered his plea." Also at the

---

[1]     Undesignated statutory references are to the Penal Code.

hearing, defense counsel moved to withdraw, citing the conflict of interest created by defendant's allegations of ineffective assistance of counsel. The court granted defense counsel's motion to withdraw.

## DISCUSSION

Defendant filed a notice of appeal on August 5, 2022, alleging sentencing error, ineffective assistance of counsel, and due process violations. However, in his opening brief, defendant has apparently abandoned those allegations, as the sole issue he addresses is the trial court's action in the August 29, 2022, hearing wherein the trial court set aside his guilty plea.[2] Defendant contends the trial court lacked jurisdiction to set aside his guilty plea and vacate his sentence. The People agree, as do we.

Preliminarily, we note in order to appeal from the sentence, a defendant must file a notice of appeal in the superior court within 60 days after rendition of judgment. (Cal. Rules of Court, rules 8.304(a)(1), 8.308(a); see generally § 1239, subd. (a).) To be sufficient, the notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.304(a)(4).) " '[W]here several judgments and/or orders occurring close in time are separately appealable . . . each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal.' " (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43; accord, *Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1172.)

However, notices of appeal are liberally construed so as to protect the right of appeal if it is reasonably clear what the defendant was trying to appeal from and so long as the respondent could not possibly have been misled or prejudiced. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59; *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) As the

---

[2]     Defendant did not file a reply brief.

3

parties both address in their briefing the issue of the trial court's August 29, 2022, order and both argue for the same result, we will construe the notice of appeal to include the August 29, 2022, order.

Although we have concerns about the bases of the trial court's setting aside of defendant's plea, we resolve this appeal on purely jurisdictional grounds. "The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." (*People v. Perez* (1979) 23 Cal.3d 545, 554.) "By the same token, the notice of appeal divests the trial court of subject matter jurisdiction." (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1471 (*Nelms*).) The purpose of the rule depriving the trial court of jurisdiction pending appeal " ' "is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it." ' " (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472 (*Alanis*).)

"Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. [Citations.] Thus, action by the trial court while an appeal is pending is null and void. [Citations.] Indeed, '[s]o complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity.' " (*Alanis, supra*, 158 Cal.App.4th at pp. 1472-1473.)

*Alanis* is on point with the present case. There, the defendant filed a notice of appeal after the trial court accepted his guilty plea and imposed sentence. (*Alanis, supra*, 158 Cal.App.4th at p. 1471.) The following month, the court recalled the sentence and permitted the defendant to withdraw his plea. (*Id.* at p. 1472.) The defendant's case proceeded to trial after which the court reimposed the same sentence and entered a new judgment. (*Ibid.*) The appellate court held that the trial court lacked jurisdiction to:

4

(1) recall the defendant's sentence; (2) permit the defendant to withdraw his plea; (3) conduct a trial; and (4) enter a new judgment. (*Id*. at p. 1476.) As such, those actions and the resulting judgment were "nullities and void." (*Ibid.*; see also *ibid*. ["Indeed, the filing of a notice of appeal divests the trial court of jurisdiction not only to vacate the judgment but also to allow a defendant to withdraw his or her plea"].)

The difference between *Alanis* and the case before us is that in *Alanis*, the defendant himself moved to withdraw his plea. (*Alanis, supra*, 158 Cal.App.4th at p. 1472.) Here, although we do not have the record of an earlier hearing, at the August 29 hearing wherein the trial court set aside defendant's plea, the indication is that the motivation for the court's actions were solely based on the court having taken offense to defendant's filing of a notice of appeal. Nowhere in the oral record from the August 29 hearing, does defendant request or move to withdraw his plea. However, the same result as in *Alanis* obtains here. On August 5, 2022, defendant filed a timely notice of appeal from the trial court's imposition of sentence on June 6, 2022. Under the general rule explained *ante*, the trial court thereafter lacked jurisdiction and any subsequent trial court actions would be null and void unless an exception applied.

There are several established exceptions to this general rule. (*Nelms, supra*, 165 Cal.App.4th at p. 1472.) First, the trial court "retains jurisdiction to vacate a void, but not a voidable, judgment. [Citation.] 'A judgment is void rather than voidable only if the trial court lacked subject matter jurisdiction.' " (*Ibid*.) Second, the trial court "retains jurisdiction to correct clerical errors in the judgment [citation] or to correct an unauthorized sentence [citation]." (*Ibid*.) Finally, a trial court's jurisdiction survives the filing of an appeal where provided by statute. (See *People v. Flores* (2003) 30 Cal.4th 1059, 1064.) As relevant here, courts have recognized that under former section 1170,

5

subdivision (d) (now § 1172.1, subd. (a)(1)),[3] "the trial court retains jurisdiction to recall a sentence in a criminal matter and to resentence the defendant notwithstanding the pendency of an appeal." (*Nelms*, at p. 1472; see also *Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1835 [explaining that the statute "provides a specific scheme for the trial court to exercise jurisdiction for a limited time after it normally would have lost jurisdiction"].)

None of the exceptions to the general rule apply in this case. The trial court asserted that it retained jurisdiction over defendant's case "because it ha[d] not been 120 days since the imposition of sentence." This appears to be referencing section 1172.1, subdivision (a)(1), which provides in relevant part that "the court may, within 120 days of the date of commitment on its own motion . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

But the trial court did not recall defendant's sentence to "resentence the defendant in the same manner . . . ." (§ 1172.1, subd. (a)(1).) Rather, defendant's sentence was vacated to accomplish the withdrawal of his plea, reinstate his murder charge, and proceed to trial, apparently all on the trial court's own accord. In *Alanis*, the trial court had also purported to act pursuant to the prior version of section 1172.1. The appellate

---

[3]     A prior version of this provision was codified at former section 1170, subdivision (d). Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719), effective January 1, 2022, amended the recall and resentencing provisions of former section 1170, subdivision (d) and moved them to new section 1170.03. Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58), effective June 30, 2022, subsequently moved section 1170.03 to section 1172.1 with no change in text. At the time of defendant's sentencing, section 1170.03 was in effect. The provision had been renumbered to section 1172.1 by the time of the August 29, 2022, hearing. For ease of exposition, we refer to it as section 1172.1 throughout.

court explained that under this provision a court "may recall a sentence *only* for reasons 'rationally related to lawful sentencing.' " (*Alanis, supra*, 158 Cal.App.4th at p. 1475.) Because the trial court did not recall the sentence for any reason rationally related to sentencing but instead did so to allow the defendant to withdraw his plea, the *Alanis* court held that the recall and resentencing provision did not authorize the trial court's actions. (*Id*. at pp. 1475-1476 [holding that former § 1170, subd. (d) "was not designed to give a defendant an opportunity to withdraw a guilty plea"].) Likewise, section 1172.1, subdivision (a)(1) does not authorize the trial court's actions in this case.

## DISPOSITION

The trial court's actions subsequent to defendant filing the notice of appeal, including setting aside defendant's plea and vacating his sentence at the August 29, 2022, hearing, are void. We accordingly vacate said actions and reinstate the sentence imposed on June 6, 2022. Because defendant's brief raises no issue as to the June 6, 2022, sentence, we affirm that reinstated sentence and the resulting judgment.


                                              /s/
                                        EARL, J.


We concur:


      /s/
HULL, Acting P. J.


      /s/
DUARTE, J.

7