Filed 12/27/24  P. v. Embrey CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORDAN LEE EMBREY,<br><br>    Defendant and Appellant. | F086611<br><br>(Super. Ct. No. F16902216)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Jake Stebner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Meehan, J.

Defendant and appellant Jordan Lee Embrey originally appealed his murder conviction, and this court affirmed the conviction in *People v. Embrey* (Nov. 8, 2024, F083822) [nonpub. opn.] (*Embrey I*). While defendant's direct appeal in *Embrey I* was pending, defendant filed a petition for resentencing under former Penal Code section 1170.95, now section 1172.6,[1] which the trial court denied.

In the instant appeal, defendant argues the trial court's order denying his section 1172.6 petition is void for lack of jurisdiction and must be vacated. Alternatively, if the order was not void, defendant contends the matter must still be remanded because the court (1) erred in denying defendant the *Marsden*[2] hearing he requested, and (2) failed to conduct the section 1172.6 hearing in a procedurally proper manner. The People concede the court did not have jurisdiction to adjudicate defendant's petition and contend defendant's remaining claims are therefore moot.

We agree with the parties the trial court lacked jurisdiction to rule on defendant's petition for resentencing because the court had not yet regained jurisdiction of the matter following defendant's direct appeal in *Embrey I*.[3] The court's order denying the petition was therefore null and void. We reverse and remand for further proceedings consistent with this opinion.

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was amended and renumbered to section 1172.6. (Stats. 2022, ch. 58, § 10.) Although defendant filed a form petition for resentencing in September 2022, the form referenced the former statutory number. We refer to section 1172.6 throughout this opinion for clarity.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] We grant defendant's request for judicial notice of the record from his appeal in *Embrey I*, *supra*, F083822. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).) The People did not oppose this request.

## FACTUAL AND PROCEDURAL SUMMARY

The facts of the underlying offenses are not at issue and are detailed in our prior opinion (*Embrey I*, *supra*, F083822).[4]  Suffice to say that in 2016, defendant drove with codefendant Juan Carlos Luna to the motel room of the victim, Hector Torres, Sr., to confront Torres for abusing Luna's cousin.  Defendant restrained the cousin in the motel room while Luna accosted Torres with a knife.  Luna stabbed Torres three times, penetrating Torres's pulmonary artery and causing his death.

In 2021, defendant and Luna were tried together, and the jury found both guilty of second degree murder (§ 187, subd. (a); count 1).  Defendant was also found guilty of false imprisonment (§ 236; count 2).  The jury found true the allegation Luna personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)).  On January 20, 2022, the trial court sentenced defendant to 15 years to life for murder with a concurrent middle term of two years for false imprisonment.

Defendant filed an appeal of his conviction on January 27, 2022.  On September 29, 2022, while his direct appeal was still pending, defendant filed a section 1172.6 petition for resentencing.  The People filed an opposition to defendant's petition.  Defendant was appointed counsel to represent him in January 2023.

Defendant's section 1172.6 petition initially proceeded to a hearing on April 28, 2023.  Defense counsel submitted to the trial court a letter from defendant to his counsel indicating he wanted a new lawyer.  As defendant was not present for a *Marsden* hearing, the matter was continued.

---

**4**     We may cite our prior unpublished opinion to explain the factual background of the case (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10), and we may rely on it as relevant under the doctrines of law of the case, res judicata or collateral estoppel (Cal. Rules of Court, rule 8.1115(b)(1)).

On June 15, 2023, the trial court held a hearing regarding a prima facie showing for defendant's resentencing petition. Defendant was present and represented by counsel. The court heard argument and took the matter under submission. On July 7, 2023, the court denied defendant's petition. The record does not reflect a ruling or hearing on defendant's *Marsden* request.

Defendant filed a timely notice of appeal challenging the trial court's order denying his section 1172.6 petition.

On November 8, 2024, we rejected defendant's contentions in his first appeal and affirmed the judgment. (*Embrey I*, *supra*, F083822.)

## DISCUSSION

Defendant contends, and the People concede, the trial court lacked jurisdiction to deny his section 1172.6 petition because it had not yet regained jurisdiction from this court following defendant's direct appeal in *Embrey I*. We agree.

Subject to unrelated exceptions, "[o]nce a notice of appeal is filed, jurisdiction vests in the appellate court until the appeal is decided on the merits and a remittitur issues." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 729.) "This rule protects the appellate court's jurisdiction by protecting the status quo so that an appeal is not rendered futile by alteration." (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923.) "Thus, action by the trial court while an appeal is pending is null and void." (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1473.) The trial court regains jurisdiction only when the remittitur issues. (*People v. Burhop* (2021) 65 Cal.App.5th 808, 813.)

Though the trial court lacks jurisdiction to rule on a section 1172.6 petition until the remittitur issues, a defendant may request a pending appeal be stayed to permit the trial court to address the petition. (*People v. Martinez*, *supra*, 31 Cal.App.5th at p. 729.) "A Court of Appeal presented with such a stay request and convinced it is supported by good cause can order the pending appeal stayed with a limited remand to the trial court

4.

for the sole purpose of permitting the trial court to rule on a petition under section [1172.6]." (*Ibid.*)

Here, the trial court denied defendant's section 1172.6 petition while his direct appeal in *Embrey I* was pending. Defendant did not request a stay of his appeal for the court to rule on his petition. Thus, the court lacked jurisdiction to consider defendant's petition. Because the court lacked jurisdiction, the court's order denying defendant's petition was null and void.

While defendant argues the trial court's order must be vacated, the People contend this appeal must be dismissed due to the court's lack of jurisdiction. "An appeal from a void judgment is not the same as an appeal from a nonappealable order, in which case the appeal must be dismissed." (*People v. Alanis*, *supra*, 158 Cal.App.4th at p. 1476.) An order granting or denying relief pursuant to section 1172.6 is an appealable order. (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600–601.) Where, as here, the order is appealable, but the order is void, the proper procedure is to reverse the order rather than dismiss the appeal. (*Alanis*, at p. 1477.)

Because we reverse the trial court's order, we need not address defendant's arguments in the alternative that the court erred by failing to provide defendant with the *Marsden* hearing he requested and did not conduct the section 1172.6 prima facie hearing in a procedurally proper manner. The People argue these remaining claims are moot if the order denying the petition is void and further argue if this court rejects defendant's instructional error claim in *Embrey I* under the amended murder laws,[5] then defendant

---

[5] Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended section 188, subdivision (a)(3) to make personally possessing malice aforethought a necessary element of murder. (Stats. 2018, ch. 1015, § 2; *People v. Gentile* (2020) 10 Cal.5th 830, 846, superseded on another ground by statute as stated in *People v. Wilson* (2023) 14 Cal.5th 839, 869.) In his appeal in *Embrey I*, defendant argued the trial court's instructions improperly called for the jury to convict him of murder without finding he personally acted with implied malice aforethought.

would have no grounds to argue in the trial court he could not be convicted of murder under those laws. Defendant argues in response he would not necessarily be foreclosed from relief pursuant to section 1172.6 even if this court found his instructional error claim was harmless in *Embrey I*.

While we did find defendant's instructional error claim harmless in *Embrey I*, we expressly make no comment on the merits of defendant's section 1172.6 petition. The matter will be remanded for the trial court to consider defendant's petition in the first instance once it regains jurisdiction. The remittitur must issue in *Embrey I* and from this appeal before the court will regain jurisdiction.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed and the matter is remanded for further proceedings consistent with section 1172.6.