Filed 3/23/26; Certified for Publication 4/8/26 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR LOPEZ SANCHEZ,<br><br>    Defendant and Appellant. | D085325<br><br><br>(Super. Ct. No. RIF1600163) |

APPEAL from a judgment of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed in part; vacated in part and remanded with instructions.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Eric A. Swenson and Tyler L. Krentz, Deputy Attorneys General, for Plaintiff and Respondent.

In 2024, the trial court received a letter from an analyst at the Department of Corrections noting an error in the calculation of the aggregate state prison term on the abstract of judgment from the 2019 resentencing of Victor Lopez Sanchez which took place after remand from our court.  The

court responded to the letter by holding a hearing, at which the court endeavored to correct the issue. Sanchez argues in this appeal that the court erred by not conducting a full resentencing; by denying his *Romero* motion; and by not reconsidering the imposition of the upper term as to one of the counts of conviction. Because the error in 2019 was a clerical one, the court in 2024 was not required to conduct full resentencing. Accordingly, we affirm that portion of the judgment denying resentencing and denying the *Romero* motion. However, the court went beyond its authority to correct the clerical error and made impermissible modifications to the 2019 misdemeanor sentences. We vacate this portion of the order and remand with instructions so that the abstract can once more be amended to correctly reflect the 2019 sentence.

## I. PROCEDURAL HISTORY

A detailed recitation of the facts underlying Sanchez's conviction is not necessary for the purposes of this appeal.[1] It suffices to say that in 2016, Sanchez was convicted of multiple felony and misdemeanor counts involving violent offenses against his wife and a neighbor. Sanchez was sentenced to state prison for a term of 38 years 4 months for the felony counts, plus a consecutive county jail term of 2 years 6 months for the misdemeanor counts.

On direct appeal, this court reversed the judgment as to Sanchez's conviction for discharging a firearm at an inhabited dwelling and remanded

---

[1] We grant Sanchez's unopposed request that we take judicial notice of the clerk's transcript from the court proceedings against him from October 2015 through the denial of his petition for resentencing under Penal Code section 1172.6 in July of 2023; and the unpublished decisions of our court in *People v. Sanchez* (Aug. 28, 2018, D073727) [nonpub. opn.] (direct appeal, affirming in part and reversing and remanding with instructions in part); and *People v. Sanchez* (Feb. 23, 2024, D083028) [nonpub. opn.] (affirming denial of petition for resentencing under Penal Code § 1172.6).

the matter for further proceedings on that count, but affirmed the judgment in all other respects. (*People v. Sanchez* (Aug. 28, 2018, D073727) [nonpub. opn.].)

A hearing after remand was held on March 1, 2019. The minute order for that hearing reflects that the court struck count 11 "which will reduce the sentence by 3 years 8 months." The minute order further provided that Sanchez was sentenced to "State Prison for the total term of 37 years and 2 months."

Shortly thereafter, it came to the court's attention that there was an issue with that sentence, and so the court revisited the sentence at a hearing on May 24, 2019.

Although the record before us does not include the transcript from the May 24, 2019 proceeding, the minute order notes that Judge Keen presided, and further states that "when count 11 was stricken the enhancement of [Penal Code section] 12022.1 was also stricken. The time imposed for the enhancement of 2 years is also stricken." This order was intended to fully comply with our court's instructions on remand. The minute order then listed, separately, the time imposed for each count, deleting any time for count 11. The sum of the time for the felony counts is 33 years. For the misdemeanor counts, the minute order showed "county jail 1 year/county jail 1 year/county jail 180 days (6 months)."

The final sentence of the minute order states, "Sentenced to State Prison for a total term of 35 years 6 months." However, that sum includes the time imposed on the misdemeanor counts, which expressly provided for county jail as to those counts. Thus, the state prison term should have been calculated at 33 years.

3

The resulting second amended felony abstract of judgment continued this error forward. Box 8 stated that the total time was 35 years 6 months.

On January 22, 2024, a correctional case records analyst for the legal processing unit of the Department of Corrections Division of Adult Institutions sent a letter to Judge Keen, noting that "the Abstract of Judgment and/or Minute Order may be in error, or incomplete [because] references to misdemeanor counts . . . and time imposed should not be included in Total State Prison Term." The court set a hearing to address the issue and ordered that Sanchez be produced from prison to attend the hearing.

Prior to the hearing, Sanchez's defense counsel filed a *Romero* motion[2] and a sentencing brief, asking the court to impose concurrent sentences on all counts. The People filed an opposition to the motion.

Judge Pulliam presided at the hearing on September 18, 2024. Defense counsel argued in support of the *Romero* motion. In response, the court stated, "The Court believes this issue is, namely, a correction of how his time is to be served on the charges that he was convicted of and not an illegal sentence that would warrant a complete resentencing of all of the charges he was convicted of." Judge Pulliam then modified the sentence so that the time imposed for each of the three misdemeanor counts was six months, to run concurrently with each other, and concurrently with the felony counts. "And by making that correction, that would reduce his state prison term to a total of 33 years. [¶] And that should satisfy the department of corrections in terms of correcting that numerical error." The court noted once again that

_____

2    A *Romero* motion is a defense motion made pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 that asks the court to strike a "strike" in the interests of justice.

4

the issue did not warrant full resentencing, but nonetheless, the court stated that it had reviewed and considered the *Romero* motion and then denied it. The minute order for the hearing reflected that the court vacated the sentence as to counts 12 through 14 and sentenced Sanchez to three concurrent terms of 180 days in the Riverside County jail for each of those counts.

Sanchez timely appealed.

## II.  DISCUSSION

Sanchez argued that the court erred in denying his request for full resentencing and further erred by denying his *Romero* motion and his request to reduce the imposition of an upper term.   The People counter that Sanchez was not entitled to full resentencing, and that the court exceeded its jurisdiction when it modified the term of two misdemeanor counts and made them concurrent to other counts.

## A.   Sanchez Was Not Entitled to Full Resentencing

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  There are some exceptions to this rule.  Relevant here, the court has the authority to correct a clerical error at any time. (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

A clerical error is an error that occurs in the recording of a judgment; a judicial error is an error in rendering the judgment. (*People v. Boyd* (2024) 103 Cal.App.5th 56, 63 (*Boyd*).)  Upon the correction of a clerical error, the full resentencing rule does not apply because the case remains final. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 380 (*Humphrey*).)

Sanchez contends that the error in the 2019 sentencing was a judicial error, not a clerical error.  We are not persuaded.  It is clear from the 2019

5

minute order that the court never intended to sentence Sanchez to state prison on misdemeanor charges. Instead, a simple math error occurred when either the court or the clerk failed to distinguish between time imposed on felonies (to be served in state prison) and time imposed on misdemeanors (to be served in county jail), in stating the total time imposed to be served in state prison. The error in the resulting abstract reflected this rudimentary math error. (See *Humphrey, supra,* 44 Cal.App.5th at p. 380 [court stated it was correcting a clerical error on the abstract; if the minutes or abstract of judgment do not "reflect the judgment pronounced by the court, the error is clerical, and the record can be corrected at any time to make it reflect the true facts"].)

Sanchez argues that the "error that occurred was not in recording the years of the sentence on the abstract of judgment; the error was far more complicated and involved how to craft a sentence that included a misdemeanor sentence that should be served in county jail." Not so. At the 2019 sentencing, Sanchez was sentenced to felony terms that totaled 33 years. He was sentenced to misdemeanor terms that totaled 2 years 6 months. The abstract of judgment indicated prison time of 35 years 6 months. This was a simple math error.

The difference between clerical error and judicial error can be seen in cases finding that an error in the sentence was judicial, not clerical. For example, in *People v. Singleton* (2025) 113 Cal.App.5th 783, 790 (*Singleton*) the sentencing court had imposed a sentence at one third the middle term, although the Penal Code mandated imposition of the full middle term. Similarly, in *People v. Codinha* (2023) 92 Cal.App.5th 976, 983 (*Codinha*), the sentence was imposed concurrently but the Penal Code required that it be consecutive. In other words, the court in each of those cases made a legal

6

error in the sentence.  Here, nothing suggests that the sentencing court made the legal error of ordering that Sanchez would serve time in prison for his misdemeanor convictions.  In the 2024 hearing, the court's only role was to ensure that the abstract reflected the felony terms of 33 years in prison.  This did not trigger a right to full resentencing.  Accordingly, we do not reach Sanchez's further argument as to the court's denial of his *Romero* motion or his argument regarding imposition of the upper term.

## B.     The Court Lacked Jurisdiction to Modify the Sentences on the Misdemeanor Counts.

As argued by the People, at the 2024 hearing, the court went beyond simply fixing the clerical error in the 2019 sentence.  Instead of noting that the correct prison time ordered by Judge Pulliam was 33 years and then directing that the abstract be amended to reflect the correct figure, the court chose to reduce the time imposed on two of the misdemeanor counts (from the imposed terms of one year each to six months each) and to make all of them concurrent, rather than consecutive, to all other counts.  The People contend that in doing so, the court exceeded its jurisdictional authority and that we should therefore vacate this portion of the sentence.

Generally speaking, sentence modifications beyond clerical corrections require an authorization set forth in a statute, such that the court has subject matter jurisdiction to make the modification.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 328–330.)  Here, beyond the argument that the error was judicial, Sanchez identifies no statutory authority to support the changes made to his misdemeanor convictions.  There was no formal recommendation for recall from the secretary of the department of corrections, nor did the court recall the sentence, so Penal Code section 1172.1 did not entitle him to resentencing.  (See *Codinha, supra,* 92 Cal.App.5th at p. 987; *Singleton, supra,* 113 Cal.App.5th at p. 791.)  Further, the sentence was legally

7

permissible, foreclosing any possible authority under the unauthorized sentence doctrine.[3] As we previously held, Sanchez was not entitled to resentencing under Penal Code section 1172.6, nor does anything in Penal Code section 1170 provide a basis for the court to resentence on its own motion.

We note that after outlining the issue that it had identified with Sanchez's sentence, the letter from the department of corrections analyst provided, "Please review your file to determine if a correction is required. When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* [1986] 185 Cal.App.3d 831." The letter's citation to *Hill* does not change our analysis. The letter did not recommend recall or resentencing and did not use the term recall. (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1124-1125) [where the problem with the sentencing was a clerical one, the department's letter requesting the trial court to determine whether a correction was needed did not constitute a recommendation for recalling the sentence]; cf. *Singleton*, *supra,* 113 Cal.App.5th at p. 783 [concluding that similar language in the department's letter to the court did not confer jurisdiction to modify the sentence].)

---

[3] We recognize the split of authority as to whether a court may correct an illegal sentence after the case is final, even in the absence of a specific statutory authority. (Compare *Codinha*, *supra,* 92 Cal.App.5th at p. 990 [court may correct an unauthorized sentence where the error was apparent from the face of the record] with *Singleton, supra,* 113 Cal.App.5th at pp. 792–797 [court lacked jurisdiction to correct an unauthorized sentence in the absence of a basis for jurisdiction].) We need not wade into this issue, because Sanchez's sentence was not illegal in any respect.

We further note that the People did not argue before the trial court that it lacked authority to modify the terms of Sanchez's misdemeanor convictions. However, a legal error at sentencing that is both obvious and correctable without requiring further proceedings is not subject to forfeiture. (See *People v. Anderson* (2010) 50 Cal.4th 19, 26). Further, where the court lacks jurisdiction to modify a final sentence, a resentencing is void. (See *Boyd*, *supra* 103 Cal.App.5th at p. 71.) As the People note, simply dismissing the appeal would leave intact the void judgment. (See *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1477 fn. 5.) So that the judgment in this matter correctly reflects the lawful 2019 sentence, we must vacate the portions of the court's order that modified the misdemeanor terms and ran them concurrently.

Finally, it is necessary to remand for the correction of the abstract of judgment. After Judge Pulliam ruled, the court prepared a third amended felony abstract of judgment, properly showing the correct prison term on the felonies as 33 years in box 8 of the form. Arguably, no further modification for the abstract is necessary, because the form is limited by its terms to felony convictions. However, for completeness, we conclude that the abstract should also reflect the county custody time for the misdemeanors, totaling 2 years 6 months, consecutively, which can be noted in the "other orders" section in box 13 of the form.

## III. DISPOSITION

The 2024 order is reversed insofar as it modified the misdemeanor sentences imposed in 2019. That portion of the order is void. In all other respects, the order is affirmed. The matter is remanded for the court to issue a fourth amended felony abstract of judgment to reflect 33 years of state prison time in box 8, and a total of 2 years 6 months of consecutive county

custody time in box 13, in substantially the same terms set forth in the second amended abstract, and send a copy of the amended abstract to the Department of Corrections and Rehabilitation.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

CASTILLO, J.

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR LOPEZ SANCHEZ,<br><br>    Defendant and Appellant. | D085325<br><br><br>(Super. Ct. No. RIF1600163) |

THE COURT:

The opinion in this case filed March 23, 2026 was not certified for publication.  It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

DATO, Acting P. J.

Copies to:  All parties